The Honorable Samuel J. Steiner
Chapter 7
Hearing Date: May 15, 2009
Hearing Time: 9:30 a.m.
Hearing Location: Seattle, WA
Response Due: **May 8, 2009**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>Rupanjali Snowden,<br><br>Debtor(s). | Case No. 09-10318-SJS<br><br>MOTION FOR SANCTIONS AGAINST CHECK INTO CASH FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(k)(1) |

Comes now Debtor Rupanjali Snowden ("Debtor"), by and through her attorney Christina Latta Henry, Seattle Debt Law LLC, pursuant to § 362(k)(1) and Federal Rule of Bankruptcy Procedure 9014, and moves this Court for an order declaring that Check Into Cash willfully violated the automatic stay when, post-petition and after receiving notice of Debtor's bankruptcy, it attempted to collect on Debtor's pre-petition payday loan.

This Motion is based on the Declarations of Rupanjali Snowden and Christina Latta Henry, Exhibits, and Authorities filed concurrently herewith.

## I. FACTS

1.1. Debtor filed a voluntary petition under Title 11 Chapter 7 of the U.S. Bankruptcy Code on January 16, 2009.

MOTION FOR SANCTIONS AGAINST CHECK INTO CASH FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(K)(1) (09-10318-SJS) - 1

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 501
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (877) 562-5148

Case 09-10318-MLB    Doc 17    Filed 04/09/09    Ent. 04/09/09 15:56:21    Pg. 1 of 6

1.2  Debtor listed Check Into Cash as a creditor on Schedule F of her bankruptcy petition.

1.3  The amount of Check Into Cash's claim was listed as $575 on Schedule F.

1.4  This debt was incurred in 2008 as a "payday loan." Debtor gave Check Into Cash a post-dated check in exchange for funds received. Declaration of Rupanjali Snowden, ¶ 1.

1.5  In November 2008, Debtor placed a stop payment order with her bank on the post-dated check. Declaration of Rupanjali Snowden, ¶ 2.

1.6  On January 22, 2009, a Notice of Chapter 7 Bankruptcy Case was mailed to Check Into Cash by the United States Bankruptcy Court, Western District of Washington, on Debtor's behalf. Declaration of Christina Latta Henry, ¶ 4.

1.7  On Friday, February 20, 2009, Check Into Cash presented Debtor's pre-petition, post-dated check to Debtor's bank. Declaration of Rupanjali Snowden, ¶ 4.

1.8  Debtor's bank account was overdrawn by this presentment, resulting in numerous overdraft charges to Debtor's account. Declaration of Rupanjali Snowden, ¶ 4.

1.9  On Saturday, February 21, 2009, Debtor, on advice from her attorney, went to the local branch of Check Into Cash and spoke with an employee there. She was told that they had received notice of her bankruptcy filing, that her bankruptcy documents had been forwarded to their main office, and that the manager was aware of the situation. Declaration of Rupanjali Snowden, ¶ 6.

1.10  Debtor's attorney also communicated with Check Into Cash on several occasions, via fax and telephone, both before and after Debtor filed her bankruptcy petition. Representatives of Check Into Cash stated that they had received notice of Debtor's bankruptcy and that they had forwarded the notice to their corporate headquarters. Declaration of Christina Latta Henry, ¶ 4.

MOTION FOR SANCTIONS AGAINST CHECK INTO CASH FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(K)(1) (09-10318-SJS) - 2

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 501
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (877) 562-5148

Case 09-10318-MLB    Doc 17    Filed 04/09/09    Ent. 04/09/09 15:56:21    Pg. 2 of 6

1.11	Debtor also spoke with employees of U.S. Bank about the situation because she had put a stop payment on the check in question several months earlier. However, U.S. Bank refused to do anything to help her. Declaration of Rupanjali Snowden, ¶ 8.

1.12	The funds have not been returned to Debtor. Debtor had to borrow money to pay all of the overdraft fees on her bank account in order to bring the account current. Declaration of Rupanjali Snowden, ¶ 7.

1.13	Since finding out about the check being cashed and the resulting overdraft fees, Debtor has been very upset. Her mental and physical distress is described in detail in her Declaration, filed concurrently herewith, at ¶ 9.

## II. LEGAL AUTHORITY

Once a debtor files bankruptcy, no creditor can take any action to exercise control over property of the estate. 11 U.S.C. § 362(a)(3); *In re Colortran, Inc.*, 210 B.R. 823 (9th Cir. B.A.P. 1997). The obligation to turn over property is a mandatory duty arising upon the filing of the bankruptcy petition. *In re Abrams*, 127 B.R. 239, 242-43 (9th Cir. B.A.P. 1991). The creditor must tender the goods or face sanctions for violation of the stay. *Abrams*, 127 B.R. 239; *Colortran*, 210 B.R. 823. An individual injured by any willful violation of a stay "shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances may recover punitive damages." 11 U.S.C. § 362(k)(1). A "willful violation" of the automatic stay does not require specific intent to violate the stay. *In re Goodman,* 991 F. 2d 613, 618 (9th Cir. 1993). Rather, the standard is whether the defendant knew of the automatic stay and whether the defendant's actions were intentional. *Id.* Damages can be awarded even if the creditor has a good faith belief that it has the right to possess the property. *Colortran*, 210 B.R. 823. Here, Check Into Cash was put on notice of the stay when they received notice of the Debtor's bankruptcy on January 22, 2009.

MOTION FOR SANCTIONS AGAINST CHECK INTO CASH FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(K)(1) (09-10318-SJS) - 3

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 501
SEATTLE, WASHINGTON  98104
telephone (206) 324-6677
fax (877) 562-5148

Case 09-10318-MLB    Doc 17    Filed 04/09/09    Ent. 04/09/09 15:56:21    Pg. 3 of 6

Section 362(b)(11) does not stay "the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument." 11 U.S.C. § 362(b)(11). But before the creditor qualifies for this exception, [he/she] must establish that (1) there is a "negotiable instrument" and (2) there was "presentment" of the instrument. *Hines v. Gordon* (*In re Hines*), 198 B.R. 769 (B.A.P. 9th Cir. 1996).

Pursuant to the Washington Uniform Commercial Code, a "negotiable instrument" is

> [A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it is all of the following: (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder. (2) Is payable on demand or at a definite time. (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money.

RCW § 62A.30104(a).

In this case, it is undisputed that Debtor's post-dated check constituted a negotiable instrument. "Presentment," as defined in the Washington Commercial Code, is "a demand made by or on behalf of a person entitled to enforce an instrument. . . ." RCW § 62A.3-501(a). Pursuant to RCW § 62A.3-305, one is not entitled to enforce an instrument where a defense to the enforcement is a discharge in bankruptcy. Section 3305 reads: "(a) Except as stated in subdivision (b), the right to enforce the obligation of a party to pay an instrument is subject to all of the following: (1) A defense of the obligor based on . . . (D) discharge of the obligor in insolvency proceedings." RCW 62A.3-305(a)(1).

Here, the debt to Check Into Cash is dischargeable in the debtor's bankruptcy case. Therefore, U.S. Bank was not entitled to enforce the postdated checks. Moreover, Check Into

MOTION FOR SANCTIONS AGAINST CHECK INTO CASH FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(K)(1) (09-10318-SJS) - 4

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 501
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (877) 562-5148

Case 09-10318-MLB    Doc 17    Filed 04/09/09    Ent. 04/09/09 15:56:21    Pg. 4 of 6

Cash's post-petition acts were taken with full knowledge of the bankruptcy and in an attempt to coerce the debtor to pay a pre-petition dischargeable debt. These are precisely the type of acts from which a debtor is protected under section 362(a)(6) of the Bankruptcy Code. *Hine*s, citing *Morgan Guar. Trust Co. of N.Y. v. American Sav. & Loan Ass'n*, 804 F.2d 1487, 1492 (9th Cir. 1986), cert. denied, 482 U.S. 929, 107 S. Ct. 3214, 96 L. Ed. 2d 701 (1987).

The Ninth Circuit has been particularly vigilant about protecting a debtor's rights under the automatic stay, holding unequivocally in *Schwartz v. United States* that violations of the stay are void, not voidable. *Schwartz v. United States. (In re Schwartz),* 954 F.2d 569, 571-72 (9th Cir. Wash. 1992). The Court of Appeals noted that the policy considerations behind § 362(a)—giving the debtor a "breathing spell" from his creditors and permitting the debtor to be "relieved of the financial pressures that drove him into bankruptcy"—demand that the debtor not be required to take additional steps to secure the benefit of the automatic stay. *Id.* Rather, "Those taking post-petition collection actions have the burden of obtaining relief from the automatic stay." *Id.* The Court would not "reward those who violate the automatic stay" by making violations merely voidable. *Id.*

Finally, in the Ninth Circuit, a motion is a proper procedural mechanism for imposing sanctions under § 362(k). *In re Zumbrun*, 88 B.R. 250, 252-53 (B.A.P. 9th Cir. Cal. 1988); *Williams v. Levi (In re Williams)*, 323 B.R. 691, 702 (B.A.P. 9th Cir. 2005). The Debtor must comply with the due process requirements set out in Bankruptcy Rules 7004 and 9014, but is not required to initiate an adversary proceeding. *In re Zumbrun*, 88 B.R. at 252.

### III. PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully prays that this Court:

1) enter an order declaring that Check Into Cash willfully violated the automatic stay;

2) return the funds obtained by Check Into Cash;

MOTION FOR SANCTIONS AGAINST CHECK INTO CASH FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(K)(1) (09-10318-SJS) - 5

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 501
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (877) 562-5148

Case 09-10318-MLB    Doc 17    Filed 04/09/09    Ent. 04/09/09 15:56:21    Pg. 5 of 6

3) award Debtor actual damages, i.e. pay all bank fees incurred;

4) award Debtor attorney fees/costs;

5) award Debtor punitive damages against Check Into Cash for its willful violation of the automatic stay;

6) in the alternative, that the funds obtained by Check Into Cash are turned over to Debtor's bankruptcy estate pursuant to 11 U.S.C. § 549; and

7) for such other and further relief as may be just and proper.

DATED this 9th day of April, 2009.

                        SEATTLE DEBT LAW, LLC

                        By: */s/ Christina Latta Henry*
                            Christina Latta Henry, WSBA #31273
                            Attorney for Debtor

MOTION FOR SANCTIONS AGAINST CHECK INTO CASH FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(K)(1) (09-10318-SJS) - 6

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 501
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (877) 562-5148

Case 09-10318-MLB   Doc 17   Filed 04/09/09   Ent. 04/09/09 15:56:21   Pg. 6 of 6