HILLIS CLARK MARTIN & PETERSON, P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Hon. Samuel J. Steiner
Chapter 7 Proceeding

Attorneys for Creditor
Check Into Cash

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

RUPANJALI SNOWDEN,

    Debtor.

No.: 09-10318-SJS

**CHECK INTO CASH'S SUPPLEMENTAL BRIEF REGARDING DISCHARGE AND DISCHARGEABILITY**

There is no dispute that Check Into Cash made its presentment (whether an instrument or an item) before the Court granted Rupanjali Snowden a discharge. Despite this, Snowden asserts that the affirmative defense of "discharge in bankruptcy" proscribed Check Into Cash's right to present her check for payment. Washington's UCC provides a defense to presentment for "discharge of the obligor in insolvency proceedings." RCW 62A.3-305(a)(1)(iv). Snowden's status as a "discharged debtor" is distinct from her status pending discharge.

The Bankruptcy Code's statutory framework demonstrates that discharge is a unique event before which a debtor cannot assert the defense of discharge. Among other things, Congress enacted the Bankruptcy Code to shield debtors from creditors seeking to enforce debts. Congress accomplished this objective in two ways. First, it imposed an automatic stay on most collection efforts upon filing a petition. 11 U.S.C. § 362(a). Second, it authorized courts to enter an order discharging the debtor from liability on debts after exiting bankruptcy. 11 U.S.C. § 727. Until

CHECK INTO CASH'S SUPPLEMENTAL BRIEF REGARDING DISCHARGE
AND DISCHARGEABILITY: 09-10318-SJS

ND: 19792.002 4844-1639-9876v2

Hillis Clark Martin & Peterson
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745

Case 09-10318-MLB   Doc 67   Filed 09/23/09   Ent. 09/23/09 15:46:51   Pg. 1 of 4

the Court has entered an order discharging the debtor from liability, the debtor must rely on the automatic stay provisions for relief from collection activities. 11 U.S.C. § 362(c)(2) (automatic stay remains in effect until entry of discharge); *see also In re Venegas*, 257 B.R. 41 (Bkr. D.Idaho 2001) (discussing two distinct periods in bankruptcy proceeding).

Discharge is not automatic. Interested parties must have an opportunity to challenge the dischargeability of debts. Fed. R. Bankr. P. 4007. Discharge may occur only after the period for challenging the status of debts has expired if the debtor meets other criteria. Fed. R. Bankr. P. 4004(c). Ultimately, a debtor cannot be deemed discharged "until the bankruptcy court orders discharge..." *In re Thomas*, 428 F.3d 735, 738 (8th Cir. 2005). In Washington, the affirmative defense of discharge requires prima facie evidence of an actual discharge in bankruptcy. *Taitch v. Lavoy*, 57 Wn.2d 857, 360 P.2d 588 (1961). Absent evidence that the Court discharged Snowden before Check Into Cash presented her check, she cannot claim this affirmative defense.

The Eighth Circuit Court of Appeals reached this conclusion on identical facts in *In re Thomas*. In that case, a Chapter 7 debtor sought sanctions against MoneyMart, a pay-day loan company, for presenting her pre-petition checks after commencement of a bankruptcy proceeding, but before entry of discharge. The bankruptcy court held that, because the defense of discharge was unavailable under Missouri's Uniform Commercial Code,[1] MoneyMart's presentment was valid and excepted from automatic stay under Section 362(b)(11). *Id.* at 736. The Eighth Circuit affirmed, holding that the UCC defense of "discharge" is available only after the debtor actually receives a discharge. *Id.* at 738. "Discharge is a specific occurrence in a bankruptcy case, effected by court order, and is not guaranteed merely by the filing of a petition for relief." *Id.* at 737. The Eighth Circuit criticized the Ninth Circuit BAP's dicta in *Hines v. Gordon* for failing to recognize the important distinction between pre- and post-discharged debtors: *Hines*, however, ignores this important distinction and effectively expands 'discharge' to include 'potential

---

[1] Washington's relevant UCC provision is identical to Missouri's provision. *Compare* Mo. Rev. Stat. § 400.3.305(a)(1)(iv) *with* RCW 62A.3-305(a)(1)(iv).

2 - CHECK INTO CASH'S SUPPLEMENTAL BRIEF: 09-10318-SJS

Hillis Clark Martin & Peterson
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745

ND: 19792.002 4844-1639-9876v2

Case 09-10318-MLB    Doc 67    Filed 09/23/09    Ent. 09/23/09 15:46:51    Pg. 2 of 4

discharge,' allowing the obligor to benefit from a discharge it has not yet earned." *Thomas*, 428 F.3d at 737-38 (criticizing *Hines v. Gordon (In re Hines)*, 198 B.R. 769 (9th Cir. BAP 1996) *overruled in entirety* 147 F.3d 1185 (9th Cir. 1998)). The Eighth Circuit further observed that the *Hines* dicta interprets the UCC in a way that undermines federal bankruptcy law. *Id.* at 738. Thus, its practical effect "is to render meaningless Section 362(b)(11) in any state with this common statutory language." *Id.* at 738. Washington is one such state. *See* RCW 62A.3-305.

Until the Court discharged Snowden, she could only rely on the automatic stay to prevent creditors from collecting their debts from her. As demonstrated in previous briefing and oral argument, the automatic stay does not apply to the valid presentment of negotiable instruments. 11 U.S.C. § 362(b)(11). This exception existed before Congress codified it in Section 362. *See Morgan Guaranty Trust Co. of New York v. American Savings & Loan Ass'n*, 804 F.2d 1487, 1492 (9th Cir. 1986); *see also In re Minter-Higgins*, 366 B.R. 880, 887 (Bankr. N.D. Ind. 2007) *rev'd on other grounds* 399 B.R. 34. If Snowden were allowed to claim discharge as a defense to presentment before she was actually discharged, the affirmative defense would swallow the rule. Section 362(b)(11) would be meaningless. Courts must interpret statutes so as not to render any section meaningless. *Beck v. Prupis*, 529 U.S. 494, 506 (2000). The Court should reject Snowden's claim that the defense of discharge applies in this case because Check Into Cash presented Snowden's check before the Court entered an order discharging her.

Further, the presentment exception is not limited to financial institutions, as Snowden has suggested. The plain language of the statute exempts "the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such instrument." 11 U.S.C. § 362(b)(11). The purpose of this exception is to facilitate routine commercial transactions. *Yoon v. Minter-Higgins*, 399 B.R. 34, 38 (N.D. Ill. 2008); *In re Sawyer*, 324 B.R. 115, 121 (Bankr. D. Ariz. 2005); *see also In re Meadows*, 396 B.R. 485, 495 n.4 (6th Cir. BAP 2008). If the presentment exception were limited only to financial institutions, commerce would grind to a snail's pace. Thousands of businesses, from Check Into Cash to Wal-Mart, accept checks every day. Without

3 - CHECK INTO CASH'S SUPPLEMENTAL BRIEF: 09-10318-SJS

Hillis Clark Martin & Peterson
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745

ND: 19792.002 4844-1639-9876v2

Case 09-10318-MLB    Doc 67    Filed 09/23/09    Ent. 09/23/09 15:46:51    Pg. 3 of 4

the protection of Section 362(b)(11), these businesses would have to investigate each check to confirm that the maker had not filed for bankruptcy that day. This result would be contrary to Congress's purpose for codifying the presentment exception: to facilitate routine commercial transactions. *See Yoon*, 399 B.R. at 38.

In summary, Snowden's attempt to recover her attorney's fees from Check Into Cash has no merit. Check Into Cash's presentment was valid because the affirmative defense of discharge was not available at that time. That presentment was a routine commercial transaction, for which the automatic stay exception exists. The Court should deny Snowden's Motion for Sanctions.

DATED this 23rd day of September, 2009.

HILLIS CLARK MARTIN & PETERSON, P.S.


By  */s/ Amit D. Ranade*
Joseph A.G. Sakay, WSBA #24667
Amit D. Ranade, WSBA #34878
Alexander M. Wu, WSBA #40649
Attorneys for Creditor
Check Into Cash

4 - CHECK INTO CASH'S SUPPLEMENTAL BRIEF: 09-10318-SJS

Hillis Clark Martin & Peterson
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745

ND: 19792 002 4844-1639-9876v2

Case 09-10318-MLB    Doc 67    Filed 09/23/09    Ent. 09/23/09 15:46:51    Pg. 4 of 4