UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Rupanjali Snowden,

Debtor(s).

Case No. 09-10318-PHB

CHAPTER 7

DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING CROSS-MOTION FOR SUMMARY JUDGMENT AS TO THE RECOVERABILITY OF ATTORNEYS' FEES UNDER 11 U.S.C. § 362(k)

COMES NOW Debtor Rupanjali Snowden ("Debtor"), by and through her attorneys, Seattle Debt Law LLC, pursuant to Fed. R. Civ. P. 59(e),[1] LBR 9013-1(h), and Local Civil Rule 7(h), and moves this Court to reconsider its Order Denying Debtor's Cross-Motion for Summary Judgment as to the Debtor's ability to recover attorneys' fees under 11 U.S.C. § 362(k).

## I. INTRODUCTION AND BACKGROUND

On May 12, 2009, the Debtor filed her Motion for Sanctions for Violation of the Automatic Stay against prepetition creditor Check Into Cash ("CIC"). After oral argument was heard on July 1, 2009, the Court requested further briefing on the issues. Further oral argument

---

[1] Made applicable by Fed. R. Bankr. P. 9023.

DEBTOR'S MOTION FOR RECONSIDERATION - 1
09-10318-PHB

SEATTLE DEBT LAW, LLC
705 SECOND AVE. SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

took place on September 15, 2009, and on October 8, 2009, the Court ruled that the stay had been violated and that the Debtor was entitled to damages pursuant to 11 U.S.C. § 362(k), to be determined at an evidentiary hearing.

In February 2010, the parties filed cross-motions for summary judgment on the issues of the recoverability of emotional distress damages, punitive damages, and attorneys' fees. The Court heard oral arguments on both motions on March 11, 2010, and denied both motions in their entirety on April 2, 2010.

The Court indicated in its oral ruling on April 2 that it could not determine the recoverability of attorneys' fees without further factual findings. The Court's decision seemed to be based in large part on a footnote added to the Sternberg v. Johnston in February 2010 ("the Footnote"), the Ninth Circuit Court of Appeals decision on which the recoverability of attorneys' fees in stay violation cases hinges. The Footnote states as follows:

> The attorneys fee award against Sternberg was based on the authority of this statute. The bankruptcy court did not find Sternberg or anyone else to be in civil contempt for violation the automatic stay, nor did it impose any sanctions under its inherent civil contempt authority. *See In re Dyer*, *322 F.3d 1178, 1189 (9th Cir. 2003)*. As this opinion does not consider the civil contempt authority of the court, it does not limit the availability of contempt sanctions, including attorneys fees, for violation of the automatic stay, where otherwise appropriate.

Sternberg v. Johnston, 595 F.3d 937, 946 n.3 (9th Cir. 2010), amending Sternberg v. Johnston, 582 F.3d 1114 (9th Cir. 2009).

## II.  LEGAL ARGUMENT AND AUTHORITY

The Court may grant a motion for reconsideration where there is "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence," although such motions are generally disfavored. Civil Rule 7(h)(1), Local Rules W.D. Wash. The Court's power to reconsider is governed by the substantive rule under which the motion is brought—here, FRCP 59(e). See In

DEBTOR'S MOTION FOR RECONSIDERATION - 2
09-10318-PHB

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE. SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

re Mulvania, 214 B.R. 1, 8-9 (9th Cir. BAP 1997). Bankruptcy courts do not have an inherent ability to reconsider or reform their prior orders. Id.

A motion under FRCP 59(e) should only be granted in "highly unusual circumstances," unless the court is presented with "newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting McDowell v. Calderon, 197 F.2d 1253, 1255 (9th Cir. 1999); see also Fed. R. Civ. P. 60(b). Here, the Debtor respectfully submits that the timing of the revised Sternberg opinion—which was issued during the pendency of the current summary judgment motions—as well as a careful reading and analysis of the Footnote added in that opinion, weigh in favor of reconsideration.

First, the Court's decision was apparently based on an impression that the addition of the Footnote 3 has some bearing on the Debtor's ability to recover her attorney fees under § 362(k). The Debtor contends that the Footnote has no such bearing. While the Footnote opens the door for the Debtor to recover *more* attorneys' fees than are recoverable under § 362(k)—because it potentially allows debtors to recover such fees under 11 U.S.C. § 105 and/or the Court's inherent sanction authority where such fees are prohibited under § 362(k) by the original Sternberg opinion—the Footnote does nothing to *diminish* the Debtor's ability to recover, as a matter of law under § 362(k), those fees incurred prior to the Court's finding of liability on October 8, 2009. A damage award under other provisions of the Bankruptcy Code would only *increase* the amount of attorneys' fees recovered. This is made clear by the language of the Footnote: "…this opinion…does not limit the availability of contempt sanctions, including attorneys fees, for violation of the automatic stay, where otherwise appropriate." Sternberg, 595 F.3d at 946 n.3. Thus, at a minimum, the Debtor is entitled to those attorneys' fees to which she would be otherwise entitled under Sternberg. See id.

DEBTOR'S MOTION FOR RECONSIDERATION - 3
09-10318-PHB

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE. SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

Second, summary judgment on the issue of attorneys' fees under § 362(k) is appropriate because, even after the addition of the Footnote, the issue remains one of pure law. The Debtor cannot see how any further factual findings would have any bearing on the recovery of attorneys' fees under § 362(k), though such findings might be necessary if the Court opts to award *additional* attorneys' fees under § 105 or its inherent sanction authority. Further, even if the Court finds that the Debtor's bright-line date of October 8 for recovery of attorneys' fees under § 362(k) is based on an incorrect reading of <u>Sternberg</u> and <u>Bertuccio</u>, see <u>Debtor's Cross-Motion for Summary Judgment</u> at Section IV(D), the Court could impose a different method of calculating recoverable fees without requiring additional factual findings. *Such a determination would still be a matter of law appropriate for summary judgment*. The parties are not arguing over whether a certain type of work was performed on a certain date; they are arguing over the applicability of relevant caselaw to the work performed.

Finally, the Court should reconsider its denial of summary judgment as to the recovery of attorneys' fees under § 362(k) in light of judicial expediency. As the parties have indicated, there is little chance of settling this matter until the issue of attorneys' fees is resolved. A finding by this Court that the Debtor is entitled to recover attorneys' fees under § 362(k) could potentially resolve the case without further litigation or, at a minimum, narrow the issues to be decided at an evidentiary hearing.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that this Court reconsider its Order denying the Debtor's Cross-Motion for Summary Judgment as it pertains to the Debtor's recoverability of attorneys' fees under § 362(k).

//

//

//

DEBTOR'S MOTION FOR RECONSIDERATION - 4
09-10318-PHB

SEATTLE DEBT LAW, LLC
705 SECOND AVE. SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

1     DATED this 15th day of April, 2010.

2                                    SEATTLE DEBT LAW, LLC

4                         By: */s/ Camille V. Nightingale*
                                 Camille V. Nightingale, WSBA #40850
5                                  Christina Latta Henry, WSBA #31273
                                 Attorneys for Debtor

DEBTOR'S MOTION FOR RECONSIDERATION - 5
09-10318-PHB

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE. SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115