The Honorable Philip H. Brandt
Chapter 7
Hearing Date: May 6, 2010
Hearing Time: 10:30 a.m.
Hearing Location: US Courthouse, Seattle, WA
**Response Due: April 30, 2010**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Rupanjali Snowden,

Debtor(s).

Case No. 09-10318-PHB

Chapter 7

MOTION FOR LEAVE TO AMEND MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AGAINST CHECK INTO CASH

COMES NOW Debtor Rupanjali Snowden (hereinafter "Debtor"), by and through her attorneys Seattle Debt Law LLC, pursuant to FRCP 15(a)[1], and respectfully requests that the Court permit her to Amend her Motion for Sanctions for Violation of the Automatic Stay against Check Into Cash filed on May 12, 2010. (Docket No. 23). In light of the addition of Footnote 3 to <u>Sternberg v. Johnston</u>, the Debtor wishes to amend her motion to include a cause of action for civil contempt under 11 U.S.C. § 105(a) and to seek damages under that same authority.

## I.     <u>INTRODUCTION AND BACKGROUND</u>

On May 12, 2009, the Debtor filed her Motion for Sanctions for Violation of the Automatic Stay against prepetition creditor Check Into Cash ("CIC"). After oral argument was heard on July 1, 2009, the Court requested further briefing on the issues. Further oral argument

---

[1] Made applicable by FRBP 7015.

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 1

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

took place on September 15, 2009, and on October 8, 2009, the Court ruled that the stay had been violated and that the Debtor was entitled to damages pursuant to 11 U.S.C. § 362(k), to be determined at an evidentiary hearing.

Exactly one week prior to the Court's ruling on liability, on October 1, 2009, the Ninth Circuit Court of Appeals handed down its opinion in the case of Sternberg v. Johnston. 582 F.3d 1114 (9th Cir. 2009). In Sternberg, the court held that § 362(k)'s mandatory provision for "actual damages, including costs and attorneys' fees," to an individual injured by a will violation of the stay, does not include attorneys' fees incurred in proving damages caused by the stay violation. 582 F.3d at 1124. In doing so, the court overturned twenty years of caselaw, see, e.g., Havelock v. Taxel (In re Pace), 159 B.R. 890, 900 (9th Cir. BAP 1993), vacated in part on other grounds by 67 F.3d 187 (9th Cir. 1995); In re Stainton, 139 Bankr. 232, 234 (9th Cir. BAP 1992); In re Stucka, 77 Bankr. 777, 784 (Bankr. C.D. Cal. 1987), and explicitly created a circuit split, Sternberg, 582 F.3d at 1124.

In February 2010, the parties filed cross-motions for summary judgment on the issues of the recoverability of emotional distress damages, punitive damages, and attorneys' fees. The Court heard oral arguments on both motions on March 11, 2010, and denied both motions in their entirety on April 2, 2010.

During the pendency of these summary judgment motions, on February 8, 2010, the Ninth Circuit Court of Appeals issued an amended opinion in Sternberg. Sternberg v. Johnston, 595 F.3d 937 (9th Cir. Ariz. 2009) ("Sternberg II"). In its Order Amending Opinion, the court stated that the panel had voted to deny both the petition for panel rehearing and the petition for en banc rehearing. 595 F.3d at 939. The Order went on to state that a new Footnote 3 ("the Footnote") had been added in Sternberg II. Id. The Footnote states as follows:

//

> The attorneys fee award against Sternberg was based on the authority of this statute. The bankruptcy court did not find Sternberg or anyone else to be in civil

EX PARTE MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 2

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

contempt for violation the automatic stay, nor did it impose any sanctions under its inherent civil contempt authority. *See In re Dyer*, 322 F.3d 1178, 1189 (9th Cir. 2003). As this opinion does not consider the civil contempt authority of the court, it does not limit the availability of contempt sanctions, including attorneys fees, for violation of the automatic stay, where otherwise appropriate.

Sternberg II, 595 F.3d at 940.

The Footnote makes it clear that, despite the limitations on § 362(k) attorneys' fees awards imposed by Sternberg I, there are no such limitations for an award under § 105(a), provided such an award is "otherwise appropriate." Sternberg II, 595 F.3d at 940.

Given the foregoing turn of events, which was entirely unforeseeable when the Debtor originally filed her Motion for Sanctions nearly a year ago, the Debtor seeks the leave of the Court to amend her Motion for Sanctions to include a cause of action for civil contempt under § 105(a) and to ask this Court for an award of attorneys' fees under that authority. See Exhibit A, Debtor's Proposed Amended Motion for Sanctions.[2] Section 105(a) expressly permits the Court to provide *sua sponte* what the Debtor is seeking;[3] however, the Debtor believes it prudent to formally plead her request, especially given the minimal inconvenience to either CIC or the Court that would be caused by doing so.

## II.   **LEGAL ARGUMENT AND AUTHORITY**

A party may amend a pleading after obtaining leave of the court. Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" when justice so requires. Id. The Ninth Circuit Court of Appeals has held that this policy is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. Cal. 2003), citing Owens

---

[2] Debtor's counsel is in the process of drafting the Proposed Amended Motion for Sanctions. In order to provide ample notice of the Debtor's proposed Amendment to CIC and the Court, the Debtor will file this Motion for Leave without the Proposed Amended Motion attached but will file same as a supplemental exhibit as soon as possible but not later than Monday, April 19.

[3] Section 105(a) of the Bankruptcy Code states as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 3

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001), quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Moreover, absent prejudice—which must be demonstrated by the party opposing amendment—or a "strong showing" of another factor weighing against amendment, such as bad faith, undue delay, or futility of amendment, there exists a *presumption* under FRCP 15(a) in favor of granting leave to amend. Eminence Capital, 316 F.3d at 1052.

Here, the Debtor seeks to amend her Motion for Sanctions because the intervening Sternberg opinions have completely altered the landscape of stay violation cases in a way that was not foreseeable when she originally sought damages only under § 362(k). The Debtor and her counsel have not exhibited bad faith or undue delay in seeking this amendment, as Sternberg II was issued only two months ago. See Eminence Capital, 316 F.3d at 1052. Nor would the Debtor's proposed amendment be futile, as the Footnote added in Sternberg II expressly opens the door for recovery of attorneys' fees under § 105(a) where such fees are otherwise appropriate. See Eminence Capital, 316 F.3d at 1052; Sternberg II, 595 F.3d 940.

In the Footnote, the Sternberg court cited to the case of In re Dyer, a 2003 Ninth Circuit Court of Appeals case. 322 F.3d 1178 (9th Cir. 2003). The court in Dyer found that a creditor violated the automatic stay by recording a deed of trust postpetition. Id. at 1188. However, damages were not available under § 362(k) because the stay violation action was brought by a trustee, who is not an "individual" for purposes of § 362(k). Id. at 1189. Instead, the court found authority to award damages, including attorneys' fees, to the trustee based on the civil contempt authority of § 105(a).[4] Id. at 1189-90.

In so holding, the court in Dyer noted that the standard for finding a party in civil contempt is well settled: [t]he moving party has the burden of showing by clear and convincing

---

[4] The trustee in Dyer also sought damages under the bankruptcy court's "inherent sanction authority." The Debtor is not seeking damages under this authority as it imposes a significantly higher burden of proof than either § 362(k) or § 105(a), see Dyer, 322 F.3d at 1197, and pleading it at this stage of litigation would be unnecessarily duplicative and burdensome.

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 4

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

evidence that "the contemnors violated a specific and definite order of the court." Dyer, 322 F.3d at1190-91. The court went on to state: "[T]here can be no doubt that the automatic stay qualifies as a specific and definite court order." Id.

In the current case, this Court has already reached the conclusion that CIC violated the automatic stay. Snowden, 2009 Bankr. LEXIS 3891 at * 16 ("…CIC intentionally violated the automatic stay. Snowden is entitled to damages). Thus, no additional fact-finding is required in order to find CIC in contempt under § 105(a).[5] Dyer, 322 F.3d at1190-91. The Debtor's proposed amendments would impose only a slight change to these proceedings: the possibility of a damage award under § 105(a) in addition to the award under § 362(k). See Sternberg II, 595 F.3d at 940. As to the difference between damage awards under § 362(k) and § 105(a), "the only meaningful difference between awarding damages under [362(k)], as opposed to § 105(a), is that relief under [362(k)] is mandatory, while relief under § 105(a) is discretionary." California Empl. Dev. Dep't v. Taxel (In re Del Mission), 98 F.3d 1147, 1152-53 (9th Cir. 1996), citing Havelock v. Taxel (In re Pace), 67 F.3d 187, 193-94 (9th Cir. 1995); but see Dyer, 322 F.3d at 1195 (holding that "serious punitive sanctions" are not available under the contempt authority of § 105).

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that this Court grant her leave to amend her Motion for Sanctions for Violation of the Automatic Stay to include a cause of action under 11 U.S.C. § 105(a).

//

DATED this 16th day of April, 2010.

---

[5] Again, as explained in n. 4, supra, an award of damages based on the Court's "inherent sanction authority" would require additional fact-finding, but the Debtor is not seeking damages under that authority.

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 5

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

SEATTLE DEBT LAW, LLC

By: */s/ Camille V. Nightingale*
Camille V. Nightingale, WSBA #40850
Christina Latta Henry, WSBA #31273
Attorneys for Debtor

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 6

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115