UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Rupanjali Snowden,

        Debtor(s).

Case No. 09-10318-PHB

Chapter 7

REPLY TO CHECK INTO CASH'S OPPOSITION TO MOTION FOR LEAVE TO AMEND

    COMES NOW Debtor Rupanjali Snowden (hereinafter "Debtor"), by and through her attorneys, Seattle Debt Law LLC, and replies to the Opposition brief filed by Check Into Cash ("CIC") as follows:

    CIC cites Eskanos & Adler, P.C. v. Roman (In re Roman) for the proposition that the Debtor's proposed § 105 claim would not survive summary judgment. CIC's Opposition to Motin for Leave to Amend ("Opposition Brief") at p.3; Eskanos & Adler, P.C. v. Roman (In re Roman), 283 B.R. 1 (9th Cir. BAP 2002). It contends that "sanctions under Section 105 are not 'necessary or appropriate' with respect to individual debtors…because Congress has prescribed a specific remedy for them in Section 362." Opposition Brief at 4:10-12. CIC has misstated the holding of Roman, particularly in light of Sternberg. See Roman, 283 B.R. at 15; Sternberg v. Johnston, 595 F.3d 937 (9th Cir. Ariz. 2009).

EX PARTE MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 1

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

In Roman, the bankruptcy court awarded actual damages, including attorneys' fees, for a stay violation pursuant to § 362(k)[1]. Roman, 283 B.R. at 15. The bankruptcy court explicitly wanted to sanction the creditor's attorney based on its pattern of bad acts, but was unsure whether it could award attorneys' fees under § 362 without an award of actual economic damages. Id. at 7-8. The court therefore held that the debtors incurred $5 in actual damages, which supported the $1,000 attorneys' fees award. Id. To buttress its award, the bankruptcy court held that, *in the alternative*, its award was authorized by its inherent authority (presumably under § 105). Id. at 8.

On appeal, the creditor's attorney argued that the attorneys' fee award was unauthorized because the actual damages of $5 were "too slight." Roman, 283 B.R. at 9. The Ninth Circuit BAP rejected that argument and upheld the award of attorneys' fees under § 362. Id. at 10. In doing so, they held that

> § 362(h) is a statutory exception to the American Rule and it allows attorneys' fees to be "actual damages," rather than a separate litigation expense…We hold that Debtor's attorneys' fees and costs were "actual damages" under § 362(h).

Id. *Because the Debtor was able to recover all of her fees under § 362*, the BAP reversed the bankruptcy court's alternative award under § 105. See id. at 14-15.

The BAP *did not* hold that because a debtor was an individual, she was prohibited from pleading damages under § 105. See Roman, 283 B.R. at 13-14. Rather, the court noted:

> Since the enactment of § 362(h), damages for a violation of the automatic stay are ordinarily recovered under § 362(h), but **if that statute is inapplicable…then § 105(a) provides relief to injured parties**. [In re Del Mission Ltd.], 98 F.3d at 1152 (stating that § 105 provides relief to those entities that cannot recover under § 362(h).

---

[1] Cited throughout as either 362(k) or 362(h).

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 2

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

Id. at 14. It is true that the normal course since the enactment of 362(h) has been to bring an action for violation of the stay exclusively under that provision; however, that is not surprising given that, for more than 20 years, the Ninth Circuit has always awarded attorneys' fees as actual damages. See, e.g., Havelock v. Taxel (In re Pace), 159 B.R. 890, 900 (9th Cir. BAP 1993), vacated in part on other grounds by 67 F.3d 187 (9th Cir. 1995); In re Stainton, 139 Bankr. 232, 234 (9th Cir. BAP 1992); In re Stucka, 77 Bankr. 777, 784 (Bankr. C.D. Cal. 1987). Only since the decision in Sternberg has it become necessary to plead both § 362 and § 105, and to the best of Debtor's knowledge, no court has spoken on the appropriateness of such a pleading. See Sternberg v. Johnston, 582 F.3d 1114 (9th Cir. 2009).

The Roman court implied that a debtor should get all the damages she is entitled to for a stay violation, but should not get to "double dip" if one Code provision provides a complete remedy. Roman, 283 B.R. at 15. Similarly, though not in the automatic stay context, in Walls v. Wells Fargo—cited approvingly by Roman— the Ninth Circuit held where a debtor can recover contempt sanctions for a violation of § 524, no further remedy is necessary. 276 F.3d 502, 507 (9th Cir. 2002). The Court in Walls declined to create a private right of action under § 524 where a complete remedy was provided by an action for contempt. Id. at 509. Section 105(a), the Court held, authorizes only such remedies as are "necessary or appropriate to carry out the provisions of this title." Id. at 507.

Here, it is "necessary or appropriate" for the Court to authorize attorneys' fees under § 105(a) in order to carry out the purposes of § 362(k). See Roman, 283 B.R. at 15. The Debtor seeks recovery of all of the damages she is entitled to for a stay violation. See id. At the time Roman was decided, the sole basis for those damages would have been § 362(k). See id. *However, at that time, the award would have included all of her actual damages, including attorneys' fees*, meaning any recovery of damages she received under another provision would be "double dipping." See id. Today, based on the holding in Sternberg, the Debtor is

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 3

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

categorically prohibited from recovering attorneys' fees related to proving damages. 582 F.3d at 1124. Because those damages are unavailable to the debtor as a matter of law, recovering them under § 105 would not violate Roman or Walls, because she would not be "double dipping." See Roman, 283 B.R. at 15. The Debtor is not seeking under § 105 those categories of damages mandated by § 362(k)—economic losses, emotional distress, punitive damages, and the portion of her attorneys' fees related to remedying the stay violation and enforcing its violations.

Further, the Debtor is not asking for a "second bite at the apple" that would cause prejudice to CIC. Under the reasoning in Walls and Roman, it would be clearly impermissible for the Debtor, had this Court decided there was no stay violation under 362, to turn around and seek damages under § 105 for a stay violation under the same facts. See Roman, 283 B.R. at 14; Walls, 276 F.3d at 507. However, this is not what the Debtor is seeking. She has already met the legal standard for a stay violation under both § 362 and § 105, see In re Dyer, 322 F.3d 1178, 1190-91 (9th Cir. 2003); she is merely asking the Court to do what is "necessary and appropriate" to carry out the aims of § 362(k) by using its § 105 contempt authority to award her those damages that have been categorically prohibited under § 362(k) by Sternberg. See Roman, 283 B.R. at 15; Sternberg, 582 F.3d at 1124. Therefore, her request is not precluded by Roman or Walls. See Roman, 283 B.R. at 15.

Finally, the Debtor notes that the footnote in the revised Sternberg opinion does nothing to foreclose her arguments here. See Sternberg, 595 F.3d at 940. In fact, the footnote expressly opens the door for a recovery of attorneys' fees under § 105 where they are "otherwise appropriate." Id. Like Roman, Sternberg does not prohibit a debtor from recovering damages under both § 362 and § 105 simply because she is an individual, as argued by CIC; rather, by citing In re Dyer, where damages were awarded under § 105 because the action was brought by a trustee, the Court reaffirmed that § 105(a) is only available in stay violation cases where a remedy is unavailable under § 362(k). See Roman, 283 B.R. at 15; Sternberg, 595 F.3d at 940.

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 4

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115

That is the case here, where the Debtor seeks attorneys' fees to which she would have been entitled under Roman but is now denied under Sternberg. See Roman, 283 B.R. at 10; Sternberg, 582 F.3d at 1124.

## I. CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that this Court grant her leave to amend her Motion for Sanctions for Violation of the Automatic Stay to include a cause of action under 11 U.S.C. § 105(a).

DATED this 3rd day of May, 2010.

SEATTLE DEBT LAW, LLC


By: */s/ Camille V. Nightingale*
Camille V. Nightingale, WSBA #40850
Christina Latta Henry, WSBA #31273
Attorneys for Debtor

*EX PARTE* MOTION FOR LEAVE TO AMEND
ORIGINAL MOTION FOR SANCTIONS - 5

SEATTLE DEBT LAW, LLC
705 SECOND AVE,.SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (206) 447-0115